IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KRISTIE M. BORGERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV NO. 1:23-cv-00892-DAE |
| | § | |
| THE CREDIT PROS | § | |
| INTERNATIONAL, LLC, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
PARTIAL MOTION TO DISMISS

Before the Court is a Partial Motion to Dismiss filed by Defendant the

Credit Pros International, LLC ("Credit Pros") on October 19, 2023 (Dkt. # 12).

After careful consideration of the memoranda filed in support of and against the

Motion, the Court, for the reasons below, **GRANTS IN PART AND DENIES IN

PART** Credit Pros' Partial Motion to Dismiss.

BACKGROUND

In August 2021, Plaintiff Kristie Borgerson contacted Credit Pros, a

credit repair service, because of her desire to improve her credit.  (Dkt. # 11 at 2.)

Plaintiff either "spoke with a representative of Credit Pros or an individual

associated with" the company, who allegedly told her that Credit Pros would

improve her credit by at least 150 points.  (Id.)  Defendant claims it disputed

1

information on Plaintiff's credit report and removed hard credit inquiries from Plaintiff's credit.  (Id.)  Plaintiff paid an upfront fee and began making monthly payments to Credit Pros in return for Credit Pros' credit repair services.  (Id.)

Plaintiff alleges that, after six months of payments, Plaintiff experienced minimal, if any, benefit to her credit score.  (Id. at 3.)  On July 31, 2023, Plaintiff filed her initial complaint against Credit Pros.  (Dkt. # 1.)

Plaintiff alleges that Credit Pros violated various provisions of the Credit Repair Organizations Act ("CROA") and Texas Credit Services Organizations Act ("TCSOA").  (Dkt. # 1.)  Plaintiff specifically alleges that Defendant violated Sections 1679b(a)(3)-(4), 1679b(b), and 1679d & 1679e of the CROA and Sections 393.201-203, 393.302, and 393.304(1) & 393.305 of the TSCOA.  (Id.)  Plaintiff filed an Amended Complaint on October 5, 2023.  (Dkts. ## 1, 11.)

Defendant filed a Partial Motion to Dismiss on October 19, 2023, alleging that the claims predicted on Section 1679b(a)(3)-(4) of the CROA and 393.304(1) and 393.305 of the TSCOA should be dismissed.  (Dkt. # 12 at 2.)  Plaintiff filed a Response on November 2, 2023.  (Dkt. # 14.)  Defendant filed a Reply on November 9, 2023.  (Dkt. # 16.)

LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he [C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Twombly, 550 U.S. at 555–56.  In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57.  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and

3

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

In addition, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Southland Sec. Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 362 (5th Cir.2004) (quoting Williams v. WMX Tech., Inc., 112 F.3d 175, 177–78 (5th Cir.1997)).

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted). However, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissal with prejudice, "unless it is clear that the defects

4

are incurable[.]"  Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313

F.3d 305, 329 (5th Cir. 2002).

DISCUSSION

Credit Pros alleges that Plaintiff's claims based on Section

1679b(a)(3)-(4) of the CROA, and 393.304(1) and 393.305 of the TCSOA, sound

in fraud and therefore must be pled with particularity.  Credit Pros argues the

claims should be dismissed because Plaintiff fails to plead these claims with

particularity.

The issue here is whether each of Plaintiff's claims are "averments of

fraud" and therefore must be pled with particularity under Rule 9(b).  See FED. R.

CIV. P. 9(b).

I.     15 U.S.C. § 1679b(a)(4) and Tex. Fin. Code § 393.305

Plaintiff alleges that Credit Pros violated Section 1679b(a)(4) of

CROA, which states that a person many not "engage, directly or indirectly, in any

act, practice, or course of business that constitutes or results in the commission of,

or an attempt to commit, a fraud or deception on any person in connection with the

offer or sale of the services of the credit repair organization."  15 U.S.C.

§ 1679b(a)(4).  Similarly, Tex. Fin. Code § 393.305 states that a credit services

organization or a representative thereof "may not directly or indirectly engage in a

fraudulent or deceptive act, practice, or course of business relating to the offer or

5

sale of the services of the organization."  Credit Pros argues that the Rule 9(b) heightened pleading standard should apply to these claims because Plaintiff's underlying claims sound in fraud.

Courts previously presented with this argument have held that a heightened pleading standard applies to claims under Section 1679b(a)(4).  See Slack v. Fair Isaac Corp., 390 F.Supp 2d 906, 911 (N.D. Cal. 2005) ("[I]t cannot be seriously disputed that the misrepresentations and omissions [pursuant to 15 U.S.C. § 1679b(a)(3)-(4)] fall within the scope of Rule 9(b).");  Banks v. Cap. Credit All., Inc., No. 04 C 6999, 2005 WL 1563220, at *3 (N.D. Ill. June 28, 2005) (applying the heightened Rule 9(b) pleading standard to plaintiff's claims under Section 1679b(a)(4)); Millett v. Equifax Info. Servs., LLC, No. 1:05-CV-2122-BBM, 2006 WL 8432555, at *2 (N.D. Ga. Mar. 27, 2006) (same); Bilbao v. Pac. Insolvency All., LLC, No. CV 21-7736-GW-PVCX, 2022 WL 2160415, at *4 (C.D. Cal. Feb. 2, 2022) (same).

The Court agrees that Plaintiff's claims under Section 1679b(a)(4) of the CROA and Section 393.305 of the TCSOA are averments of fraud.  Section 1679b(a)(4) prohibits "a fraud or deception" and Section 393.305 prohibit "fraudulent or deceptive acts" in connection with credit services organizations.  In her complaint, Plaintiff alleges that Credit Pros should be liable under this Section because it made "fraudulent" representations.  (Dkt. # 14 at 5.)  Her claims under

Section 1679b(a)(4) of the CROA and Section 393.305 of the TCSOA depend on a showing of "fraud," and therefore, must be pled with particularity.

Applying the heightened pleading standard, Plaintiff did not plead sufficient facts.  Under Rule 9(b), Plaintiff must state the why, what, when, where, and how in her complaint.  Williams, 417 F.3d at 453 (emphasis added).  For example, in Bilbao, although the plaintiff's complaint was not "overflowing with details," the representative of the defendant's company was identified by name, and the plaintiff specifically mentioned the day she met with her in person.  Bilbao, 2022 WL 2160415, at *4.  Here, Plaintiff does not specifically identify the representative she spoke to, but vaguely asserts that she "spoke with a representative of Defendant's or individual otherwise associated with Defendant." (Dkt. #11 at 2.)  Plaintiff also did not state the location and the medium of the meeting between the two identified.  Complaints under 1679b(a)(3)-(4) fall short when a plaintiff fails to allege the time and place of a statement.  Millett, 2006 WL 8432555, at *3.

Although Plaintiff may have satisfied the "what" aspect of the heightened pleading standard, the "who, when, where, and how" have not been pled with particularity.  Because of Plaintiff's failure to meet the heightened pleading standard, the Court will dismiss the claims pled under 15 U.S.C. § 1679b(a)(3) without prejudice.

II.      15 U.S.C. § 1679b(a)(3) and Tex. Fin. Code § 393.304(1)

Plaintiff claims that Credit Pros violated Section 1679b(a)(3) of CROA, which states that "no person may make or use any untrue or misleading representation of the services of the creditor repair organization."  15 U.S.C. § 1679b(a)(3).  Similarly, Plaintiff alleges that Credit Pros violated Section 393.304(1) of TCSOA, which also states that a credit services organization or a representative may not "make or use a false or misleading representation in the offer or sale of the services of the organization."  Tex. Fin. Code § 393.304(1).  Credit Pros contends that the heightened Rule 9(b) pleading standard should also apply to these claims because the claims rely on averments of fraud, even if the claim itself would not necessarily meet all the traditional elements of common law fraud.  (Dkt. # 12 at 5.)

Credit Pros cites caselaw from other jurisdictions, where courts have applied the heightened Rule 9(b) pleading standard to 15 U.S.C. § 1679b(a)(3). (Id.) (citing Slack v. Fair Isaac Corp., 390 F. Supp. 2d 906, 911 (N.D. Cal. 2005)); Parker v. 1-800 Bar None, a Fin. Corp., 01 C 4488, 2002 WL 215530, at *6 (N.D. Ill. Feb. 12, 2002) (finding that plaintiff *met* the heightened pleading requirement when pleading claims under Sections 1679b(a)(3)-(4)); Browning v. Yahoo! Inc.!, No. C04-01463HRL, 2004 WL 2496183, at *3 (N.D. Cal. Nov. 4, 2004) (finding

that plaintiff did not meet the heightened pleading standard by only pleading the statutory language, with no facts).

Plaintiff argues that the less stringent Rule 8 standard should apply to her claim under Section 1679b(a)(3) and Section 393.304(1) because this is more consistent with the approach used by courts in the Fifth Circuit. (Dkt. # 19 at 5) (citing Prophet v. Joan Myers & Assocs., P.C., 645 F. Supp. 2d 614 (S.D. Tex. 2008)).

In Prophet, the court faced whether the Rule 9(b) heightened pleading standard applied to the allegations that defendant "engaged in false, misleading, or deceptive acts" under Section 1692e of the TCPA. Prophet, 645 F. Supp. 2d at 617 (S.D. Tex. 2008). The court declined to apply the heightened pleading standard to the TCPA because establishing that the defendant engaged in false, misleading, or deceptive acts, is substantially different matter than establishing that defendant engaged in fraud. Id.

Similarly, here, a claim under Section 1679b(a)(3) and 393.304(1) are substantially different than a claim of fraud. Plaintiff need not prove all the elements of fraud to establish liability under these Sections but must only allege that Credit Pros made or used an untrue or misleading representation of its services. See 15 U.S.C. § 1679(b)(a)(3); Tex. Fin. Code § 393.304(1). Under common law fraud, Plaintiff must also allege that the statement was material, made

9

with intent to defraud, that Plaintiff relied on the statement, and the statement caused Plaintiff's injury.  Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997).  Therefore, under the logic of Prophet, the heightened pleading standard should not apply to Plaintiff's claims.

That said, Plaintiff cannot rely on the *averments* of fraud throughout the complaint to plead a cause of action when those averments are insufficient under Rule 9(b).  See Lone Star Ladies Club v. Schlotzkey's Inc., 238 F.3d 363, 368 (5th Cir. 2001). ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.")  The Plaintiff must plead sufficient facts to state a claim under Section 1679(b)(a)(3), without relying on the fraud claims.

In the Amended Complaint, Plaintiff argues, "Defendant violated…provisions of the CROA through the false and deceptive representations it made to Plaintiff regarding the efficacy of its offered services."  (Dkt. #14 at 6.) Plaintiff also supports her cause of action by stating, "Defendant's conduct evinces an overarching deceptive business model that actively commits fraud …." (Dkt. #14 at 4) (emphasis added).  Although a fraud cause of action is not explicitly pled, Plaintiff alleges that Defendant engaged in "fraudulent behavior" through her false and deceptive allegations.  These are "averments" of fraud that are not sufficiently pled under Rule 9(b) and should be disregarded removed from the complaint.

Then, the proper route is to ask whether a claim has been stated after these averments of fraud are disregarded. <u>Lone Star Ladies Club</u>, 238 F.3d at 368. ("Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated.")

Here, if Plaintiff's allegations of fraud are disregarded, a claim under Section 1679b(a)(3) and 393.304(1) are still pled. Even with the allegations of fraud disregarded, Plaintiff still alleges that Credit Pros falsely stated that it would "guarantee[] a 150-point increase in Plaintiff's credit score" and "subsequently failed to deliver this result…" (Dkt. # 11 at 6.) Plaintiff also states that, when she signed up for Credit Pros credit repair services, Credit Pros stated that "it would be able to remove hard inquiries on Plaintiff's credit that were authorized by Plaintiff…regardless of whether it was inaccurate." (Id.) Again, Plaintiff states that this was a false and misleading statement because only "inaccurate or obsolete information can reasonably be removed from consumers' credit profiles." (Id.) This sufficiently alleges that Credit Pros made an untrue or misleading claim under 15 U.S.C. § 1679(b)(a)(3) and 393.304(1) of TCSOA. Therefore, the Court will deny Defendant's Motion to Dismiss these claims.

CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** Credit Pros' Partial Motion to Dismiss. (Dkt. # 12.) The

11

dismissal shall be **WITHOUT PREJUDICE**, and Plaintiff has until **April 18, 2024**, to file an amended complaint alleging with specificity Credit Pros' fraudulent behavior in the case.  If Plaintiff cannot do so, then no allegations of fraud should be alleged in the complaint.  Failure to amend the complaint will result in the dismissal with prejudice of the claims under 15 U.S.C. § 1679b(a)(4) and Tex. Fin. Code § 393.305 against Credit Pros.

**IT IS SO ORDERED.**

DATED: Austin, Texas, March 20, 2024.

_____
David Alan Ezra
Senior United States District Judge

12